JUDGE ZAGEL

MAGISTRATE JUDGE COLE

DAJ

# G.O. 93-03          **Chicago Police Department**

**TITLE:**             **COMPLAINT AND DISCIPLINARY PROCEDURES**

**ISSUE DATE:**        **13 January 1993**

**EFFECTIVE DATE:**    **15 January 1993**

**DISTRIBUTION:**      **C**

**RESCINDS:**          **General Orders 82-14 and 80-03**

## I.    INTRODUCTION

The Superintendent is charged with the responsibility and has the authority to maintain discipline within the Department. Accordingly, he must ensure that internal investigations are conducted in accordance with the provisions outlined in this directive, in order to provide Department members with the fundamental principles of fairness and to ensure that members are afforded all their rights. These rights will also be understood to mean the provisions of the applicable agreement (contract) between the City of Chicago/Department of Police and the particular organization (union) representing the members.

All members will comply with Department Rules and Regulations, directives and orders. Members who fail to comply hinder the effective performance of the Department's functions. This failure will be considered just cause for disciplinary action. Sworn members will be held strictly accountable for properly exercising the authority they have been given to protect the rights, lives and property of all individuals. At the same time, Department members must be protected against false allegations of misconduct. This can only be accomplished through a consistently thorough investigative process. Prompt, thorough investigations will be conducted into allegations of misconduct to establish facts which can absolve the innocent and identify the guilty.

Certain rights afforded all Department members relative to the conduct of a disciplinary investigation are set forth in Addendum 1 of this directive. However, members are reminded that they can be disciplined, even separated from the Department for refusing to answer questions, narrowly directed, relating to their official actions or obligations which were assumed upon appointment to the Department.



**EXHIBIT**

1

## II.   DISCIPLINARY PROCESS

All alleged or suspected violations of Department Rules and Regulations or directives by any member with the exception of temporary Department employees (i.e., seasonal temporary and internship program employees, etc.) sworn and civilian, of the Chicago Police Department will be processed in accordance with the provisions of this order.

The addenda which comprise this order set forth rights, responsibilities and procedures for conducting investigations relative to disciplinary matters.

| | | |
|---|---|---|
| A. | Addendum 1: | Department Member's Bill of Rights |
| B. | Addendum 2: | Specific Responsibilities |
| C. | Addendum 3: | Conduct of the Investigation |
| D. | Addendum 4: | Reporting and Review Procedures |
| E. | Addendum 5: | Special Situations |
| F. | Addendum 6: | Suspension/Options |
| G. | Addendum 7: | Summary Punishment |

Matt L. Rodriguez
Superintendent of Police

87-028 BW(jg)

# FACSIMILE MESSAGE

**ISSUE DATE:**          30 November 1993

**Message Number:**      93-011526

**To:**                  ALL DEPARTMENT MEMBERS

**From:**                Barbara B. McDonald, Director
                         Research and Development Division

**Message:**

G.O. 93-03      **COMPLAINT AND DISCIPLINARY PROCEDURES**
ISSUE DATE:   **13 January 1993**                                    **Page 2**

Reference:    Department Forms

Administrative    Proceedings    Rights
(Statutory) - CPD44.105 (10A/92)

Waiver of Counsel/Request To Secure
Counsel - CPD44.106 (10A/92)

Effective at 0001 hours on 1 Dec 93, the Administrative Proceedings Rights (Statutory) form (CPD 44.105 (10A/92) and the Waiver of Counsel/Request to Secure Counsel form (CPD 44.106 (10A/92) will be obsolete and no longer used by the Department. Updated versions of these two forms identified as Administrative Proceedings Rights (Statutory) - (CPD 44.105 ) - (10/93) and Waiver of Counsel Request to Secure Counsel - (CPD 44.106) - (10/93) will be distributed to all Districts and Units by the Police Document Service Section on 30 Nov 93.

All Department members should annotate their copies of General Order 93-3 entitled "Complaint and Disciplinary Procedures" to reflect the 10/93 version of these forms.

Members are also reminded that the Administrative Proceedings Rights (Statutory) form and Waiver of Counsel/Request to Secure Counsel will no longer be required in conjunction with the Random Drug Testing Program as referenced in General Order 93-13 entitled "Random Drug Testing Program."

To be read at roll call for five consecutive days.

Barbara B. McDonald
Director
Research and Development Division

# G.O. 93-03-03          Chicago Police Department

**TITLE:**              **CONDUCT OF THE INVESTIGATION**

**ISSUE DATE:**         **13 January 1993**

**EFFECTIVE DATE:**     **15 January 1993**

**DISTRIBUTION:**       **C**

**RESCINDS:**

## I.      PURPOSE

This addendum sets forth certain procedures relative to the manner in which a complaint against a Department member will be investigated.

## II.     CONDUCT OF THE INVESTIGATION

A.    The ranking on-duty member of the unit which has initiated an investigation or to which an investigation has been assigned will immediately designate a command or supervisory member of the unit to conduct the investigation. If the accused is a member of the unit assigned to conduct the investigation, the immediate supervisor of the accused will be assigned the investigation unless that supervisor initiated the investigation, and is the complainant, or witnessed the incident which resulted in the complaint being filed, or is on extended medical, or is on furlough. Every effort will be made to ensure that the investigation is conducted in an impartial manner.
(Item II-A amended, 12 July 1994, General Order 93-03-03A).

B.    When copies of the Complaint Against Department Member report (CPD-44.202) relating to a specific complaint are received by the unit which will conduct the investigation, the name, rank or position, star/employee number, unit number and social security number of the member designated to conduct the investigation and the date and time of the assignment will be entered on the reports which will be distributed as follows:

1.    Original copy to the investigator.

2.    One copy to the investigator's commanding officer.

3.    One copy returned to the Internal Affairs Division.

C.    The member assigned to investigate a complaint against a Department member will:

1.    contact all complainants and witnesses as soon as possible, ensuring that such complainants and witnesses are not unduly inconvenienced. If repeated efforts to contact a complainant or witness are unsuccessful after three days, the investigator will prepare and send a form letter (CPD-44.223 or CPD-44.224 as appropriate) by certified mail to the person requesting that the investigator be contacted immediately. Form letters and special envelopes for this purpose (Commodity Number 23-3489-5312 certified) are available from the Equipment and Supplies Section. In all instances, the investigator will record each date and time he or any other member designated to assist him in the investigation attempted to contact the person and the means of communication used (telephone, correspondence, personal visit) in the final report of the investigation.

2.    take written statements from complainants and witnesses when such statements will assist him in reaching a sound conclusion in the case. If the allegation is such that a recommendation for separation is unlikely, the statement(s) need not be formal question-and-answer or narrative form.  If the allegation is such that the case is likely to result in a recommendation for separation, the statement(s) will be in question-and-answer form.

3.    if the accused is a member of AFSCME he will be afforded the predisciplinary provisions outlined in their collective bargaining agreement.  In cases wherein criminal prosecution is not probable this will be understood to mean making available a copy of all investigatory reports/statements concerning the investigation, including the name of the complainant and any witness.

4.    inform the member against whom an allegation has been made, in writing, of the nature of the allegations before any interrogation begins.

a.    If the allegation indicates that criminal prosecution is not probable against the Department member, the investigator will have the accused member read and sign both a Notification of Charges/Allegations form (CPD-44.115) and an Administrative Proceedings Rights form (CPD-44.105, Rev.10A/92) to

acknowledge that he has received a written copy of the specific allegations made against him and that he has been advised of his statutory rights. These forms will be prepared in duplicate: the original of each form will be placed in the investigative file, and the duplicate copy of each form will be given the accused member. Signing of the forms is not a waiver of rights, it is an acknowledgment that the accused has received a written copy of the specific allegations made against him and that he has been given his rights.

b.    If criminal prosecution is probable against a Department member, the investigator will recite to the accused member his constitutional rights (Miranda warnings) contained within the Criminal Rights form (CPD-44.104) in clear and unequivocal words. The accused member will then read and sign both a Notification of Charges/Allegations form and a Criminal Rights form. These forms will be prepared in duplicate: the original copy of each form will be placed in the investigative file, and the duplicate copy of each form will be given to the accused member. Signing of the forms is not a waiver of rights, it is an acknowledgment that the accused has received a written copy of the specific allegations made against him and that he has been given his rights.

c.    After the appropriate criminal and/or administrative rights forms have been read and signed by the accused member, he will be requested to sign either a Waiver of Counsel section or the Request to Secure Legal Counsel section of the Waiver of Counsel/Request to Secure Counsel form (CPD-44.106, Rev.10A/92). This form will be prepared in duplicate: The original copy will be placed in the investigative file, and the duplicate copy will be given to the accused member.

d.    In the event an accused member refuses to execute any of the forms, such forms will be marked "Refused." The forms will be dated and signed by any witness (es) to the refusal; the exact location (including room number, if applicable) of refusal will be noted, and the forms will be retained in the investigative file. A duplicate copy of the forms will be given to the accused member.

e.    The advice of counsel to decline to answer questions will not excuse an accused member from responding when he has been

properly and lawfully ordered to do so by a member of higher rank.

f.   If the accused member has waived counsel, the investigator will renew the offer of the right to counsel each time an interrogation is resumed. A written record will be made of the waiver of counsel or demand for counsel at each interrogation. A request for a continuance to secure legal counsel will not be permitted to become a tactic to delay or otherwise obstruct the orderly process of the investigation. Each time an interrogation is resumed, the investigator will advise the accused member of the applicable criminal or statutory rights prior to the interrogation.

g.   If the alleged act is a crime and the evidence is such that had the crime been committed by a private citizen it would have resulted in his arrest, the investigator will explain the circumstances to his commanding officer of exempt rank or, in his absence, the on-duty watch/unit commander who will contact the Assistant Deputy Superintendent, Internal Affairs Division, and Administrator of the Office of Professional Standards, or the on duty assistant deputy superintendent, Bureau of Operational Services. The Assistant Deputy Superintendent, Internal Affairs Division, Administrator of the Office of Professional Standards, or the assistant deputy superintendent, as appropriate, will determine the further action to be taken, consulting the Office of the State's Attorney and appropriate Detective Division personnel for guidance when necessary.

h.   Upon the completion of the criminal portion of the investigation, the investigator will expressly inform the accused member that the criminal segment of the investigation has been concluded. If an administrative investigation is then to be initiated, the investigator will expressly inform the accused member that any action taken during this segment cannot be used in the criminal investigation. The accused member will also be informed that he must comply/cooperate with the administrative investigation which specifically relates to the alleged misconduct or to the performance of his official duties and that failure to comply/cooperate may result in further disciplinary action.

5.   interrogate the accused member-- remaining cognizant of the member's rights as defined in Addendum 1 of this order, the applicable provisions

of any agreement (contract) pertaining to the accused member and the General Order entitled "Interrogations: Field and Custodial" -- and other members who have knowledge of alleged misconduct, taking written statements when necessary.    If the allegation is such that a recommendation for separation is unlikely, the statement (s) may be in the form of reports from the member(s).  If the allegation is such that the case is likely to result in a recommendation for separation, the statement of the accused member will be in question-and-answer form.  Joint or duplicate copies of statements or reports will not be submitted.

6.    require an accused member to submit a report and answer questions which specifically, directly, and narrowly relate to the alleged misconduct or to the performance of his official duties.

7.    ensure that his commanding officer is informed of continuing developments in the investigation.   In addition, the investigator will prepare and submit the Notification RE: C.R. Investigation form (CPD-44.217) to his unit commanding officer when additional information relative to corrections, deletions, etc., concerning the accused, complainant, witness or victim is obtained.

8.    when the investigation of an allegation, supported by evidence, strongly indicates unfitness for duty, notify his commanding officer of exempt rank.

9.    not unduly extend the investigation to include minor infractions which are violations of Rules and Regulations or directives unless the infraction is reasonably related to the original allegation.  Infractions which involve violations of the law and other irregularities which are willful, devious, serious in nature, or which involve the integrity of the Department will result in further investigation and recommendations for disciplinary action, if warranted, no matter what the investigation discloses regarding the original complaint.

10.    terminate the investigation when it is determined at any time that the complaint is unfounded or the member clearly exonerated. Reports and statements containing information to justify the unfounding or exoneration of the accused will be forwarded in accordance with the provisions of Addendum 4 of this order.

11.    complete the investigation as soon as possible, but no later than thirty days after the date the complaint was received or on the date of any

08CV3558
JUDGE ZAGEL
MAGISTRATE JUDGE COLE

DAJ

authorized extension. If the investigation, due to its nature or complexity will require more than thirty days to complete, the investigator will submit a Request for Time Extension form (CPD-44.114) for **each** extension of time to his commanding officer for approval and forwarding to the Internal Affairs Division/Office of Professional Standards. Each time a request for an extension of time is submitted by an investigator, the reason for the request must be clearly justified.

12.  when the investigation is complete, classify the complaint as one of the following:

    a.    "Unfounded"    when the allegation is false or not factual.

    b.    "Exonerated"    when the incident occurred but the actions of the accused were lawful and proper.

    c.    "Not Sustained"    when there is insufficient evidence either to prove or disprove allegation.

    d.    "Sustained"    when the allegation is supported by substantial evidence to justify disciplinary action.

13.  before sustaining a complaint, ensure that "just cause" exists to support the allegation.  The investigator will consider the following criteria in making this determination:

    a.    The member must have received forewarning or have foreknowledge of possible or probable consequences of his conduct. (This is satisfied by a published rule, regulation, or order made known to Department members.

    b.    A full and fair investigation established that the member did in fact violate or disobey a rule or order of the Department.

    c.    The accused was afforded an opportunity to respond to the allegations.

    d.    The investigation uncovered **substantial** evidence or proof of the allegation against the accused.

    e.    The rules, regulations, orders and penalties have been applied

without discrimination.

14.    if the complaint is sustained:

a.    request a copy of the accused member's "Summary of Previous Disciplinary Actions" from the Internal Affairs Division via PAX 0-603.

b.    request a copy of the accused member's "Record of Previous Complimentary History" from the Personnel Division via PAX 0-342.

c.    ensure the disciplinary action recommended is reasonably related to the seriousness of the member's proven offense, and gives appropriate consideration to the member's previous disciplinary and complimentary history.

d.    ensure that the investigative file includes all relevant information and establishes the basis for recommending one of the following actions:

(1)    Violation noted, no disciplinary action.

(2)    Reprimand.

(3)    Suspension for a specific number of days, not to exceed 30.

NOTE:    *Exempt command members and civilian members exempt from coverage under the overtime provisions of the Fair Labor Standards Act may only be suspended in increments of the designated work week (7 calendar days). For example, suspensions can only be for 7, 14, 21, and 28 calendar days. A disciplinary suspension can never be less than 7 days.*

(Item II-C-14-d-(3) revised, 26 February 2003, General Order 93-03-03C).

(4)    Separation.

e.    specifically state that he has taken into consideration the accused member's previous complimentary history and

disciplinary history when preparing the recommendation for disciplinary action portion on either the Summary Report (CPD-44.112) or the Summary Report Digest (CPD-11.112A). However, the investigator will not enter the accused member's complimentary history or disciplinary history into the narrative of any report. These histories will be utilized as attachments only.

15. forward reports and statements which justify the finding in accordance with the provisions of Addendum 4 of this order.

D. The commanding officer of the investigating unit is responsible for ensuring a complete and expeditious investigation of the complaint, and he may assign other members of the unit to assist in the investigation when the investigating member is off duty or otherwise unavailable. The commanding officer will periodically check the progress of the investigation and will record the dates of these progress checks on the reverse side of the Investigator's Copy of the Complaint Against Department Member report which is retained in unit files. The commanding officer of the investigative unit may recommend whether the accused member should be:

1. retained in his present assignment;

2. assigned to other duty where he is under close supervision and has limited contact with the public or other members;

3. excused from duty; or

4. immediately suspended.

E. An accused member may be excused from duty without pay by his commanding officer for a period not to exceed two tours of duty. In unusual situations when an accused member should be excused for more than two tours of duty, such as over a holiday weekend, or when a change of assignment is recommended, permission will first be obtained either from the    Assistant Deputy Superintendent, Internal Affairs Division, an Administrator of the Office of Professional Standards, or the on duty assistant deputy superintendent for Operations Command. (In the event an accused member is excused from duty without pay, and the complaint is classified as unfounded, exonerated or not sustained as a result of the investigation, the member will receive pay for the period of time he was excused.) Whenever an accused member is excused from duty, his commanding officer will immediately notify (by telephone and in writing) the Internal Affairs Division or the office of Professional Standards, as

appropriate and the commanding office of the division or bureau to which the accused member is assigned. The commanding officer will also notify (by telephone and via a Personnel Action Request form CPD-11.612) the Director of the Finance Division (for payroll purposes as soon as possible.

Matt L. Rodriguez
Superintendent of Police

87-028 BW(HEH)

# G.O. 93-03-03A          **Chicago Police Department**

**TITLE:**              **CONDUCT OF THE INVESTIGATION**

**ISSUE DATE:**          **12 July 1994**

**EFFECTIVE DATE:**      **13 July 1994**

**DISTRIBUTION:**        **C**

**RESCINDS:**

## I.   PURPOSE

This revision directs the assignment of a complaint investigation to the immediate supervisor of an accused member when the member is assigned to the unit that has been designated to conduct the investigation.

## II.   Item II-A is amended and will read as follows:

A.   The ranking on-duty member of the unit which has initiated an investigation or to which an investigation has been assigned will immediately designate a command or supervisory member of the unit to conduct the investigation. If the accused is a member of the unit assigned to conduct the investigation, the immediate supervisor of the accused will be assigned the investigation unless that supervisor initiated the investigation, and is the complainant, or witnessed the incident which resulted in the complaint being filed, or is on extended medical, or is on furlough. Every effort will be made to ensure that the investigation is conducted in an impartial manner.

Matt L. Rodriguez
Superintendent of Police

94-064 JJH

# G.O. 93-03-03C    Chicago Police Department

**TITLE:**          CONDUCT OF THE INVESTIGATION

**ISSUE DATE:**     26 February 2003

**EFFECTIVE DATE:** 27 February 2003

**DISTRIBUTION:**   C

**RESCINDS:**       G.O. 93-03-03B

## I.    PURPOSE

This revision informs Department members of the change in disciplinary procedures for captains. Captains are no longer exempt from the Fair Labor Standards Act and may therefore be suspended for time periods other than one week increments.

## II.    REVISION

Item II-C-14-d-(3)is revised and reads:

(3) Suspension for a specific number of days, not to exceed 30.

> **NOTE:**    *Exempt command members and civilian members exempt from coverage under the overtime provisions of the Fair Labor Standards Act may only be suspended in increments of the designated work week (7 calendar days). For example, suspensions can only be for 7, 14, 21, and 28 calendar days. A disciplinary suspension can never be less than 7 days.*

Terry G. Hillard
Superintendent of Police

New or revised material is indicated by *italics*.

02-131 SMK(PMD)